HULSEY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-02-310-CR

        2-02-311-CR

JAMES SKIP HULSEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant James Skip Hulsey appeals his convictions for the offense of aggravated assault with a deadly weapon in each of two cases tried concurrently before a jury.  Appellant was charged by two indictments with assaulting Henry Taylor and Dorothy Wheeless with a crowbar.  A jury found him guilty of both offenses, and the trial court, after accepting Appellant’s pleas of true to allegations concerning two prior felony convictions, assessed his punishment at two thirty-year sentences, to be served concurrently. 

In two points, Appellant complains that the trial court abused its discretion in admitting the testimony of Officer Billy Cribbs, who testified about statements Taylor and Wheeless made in describing the assaults to him.  Appellant contends that the statements constituted hearsay and were not admissible over his objections, under the excited utterance exception to the hearsay rule.
(footnote: 2)  
See
 
Tex. R. Evid
. 803(2).  At trial, over Appellant’s running objection, the court allowed Officer Cribbs to testify that Taylor had told him that Appellant had assaulted him and Wheeless in their house by swinging a crowbar at them and by biting him on the nose and had described how Appellant ran away before the police arrived.  Officer Cribbs also testified that Wheeless had given him the same account of the assaults as Taylor. 

The trial court’s overruling of an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling.  
Leday v. State
, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); 
Beheler v. State
, 3 S.W.3d 182, 187-88 (Tex. App.—Fort Worth 1999, pet. ref’d) (holding appellant failed to preserve error concerning admission of alleged hearsay testimony by failing to object to the admission of other testimony that was substantially the same).  This rule applies whether the other evidence was introduced by the defendant or the State.  
Leday
, 983 S.W.2d at 718.  A request for a running objection is timely and preserves error as long as it does not encompass too broad a subject matter during too broad a time or over different witnesses. 
 Ford v. State
, 919 S.W.2d 107, 113 (Tex. Crim. App. 1996);
  Sattiewhite v. State
, 786 S.W.2d 271, 283 n.4 (Tex. Crim. App. 1989), 
cert. denied
, 498 U.S. 881 (1990).

Here, in addition to Officer Cribbs’s testimony, Wheeless testified that Appellant came into her house with a twenty-four inch crowbar, called her a “lying bitch,” and told her that he wanted to kill her.  She then testified that Appellant was swinging the crowbar and that he broke her arm by hitting her with it.  Wheeless also testified that Taylor, who was in the house, jumped up to protect her and began scuffling with Appellant.  She testified that she saw Appellant biting Taylor on the nose, but she persuaded Appellant to let go of Taylor and to chase her.  Wheeless testified that when Appellant realized that she was calling the police, he “took off and went the other direction.”  

Taylor also testified that Appellant slammed the door open and came inside their trailer home.  He testified that Appellant was swinging the crowbar at Wheeless’s head, but that she was able to block it with her arms, which resulted in her injuries.  Taylor also testified that he fought Appellant and eventually was able to prevent Appellant from hitting him with the crowbar.  As a result, Taylor testified that Appellant unsuccessfully attempted to stab him with a screwdriver and then broke his nose by biting it and “yank[ing] his head.”  

Appellant did not object to this testimony, which was substantially the same as Officer Cribbs’s testimony concerning Taylor and Wheeless’s statements.  Further, Appellant only requested a running objection with respect to the statements Taylor made to Officer Cribbs, and not to those made by Wheeless.  Therefore, Appellant has waived his right to complain about this issue on appeal.  We overrule Appellant’s two points, and we affirm the trial court’s judgments.

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and DAY, J.

DO NOT PUBLISH

Tex. R. App. P. 
 47.2(b)

DELIVERED:  October 30, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
There are two sets of briefs, and the same hearsay point is raised in each brief.  One brief relates to the statements Taylor made to the officer, while the other brief concerns Wheeless’s statements to the officer.